Clark v. Progressive Insurance Corp., No. S0480-03 CnC  (Norton, J., Aug. 4, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                          Docket No. S0480-03 CnC

CLARK

v.

PROGRESSIVE INSURANCE CO.

ENTRY

Following trial and judgment in which she was found to owe Defendant $9,885, Plaintiff seeks to amend judgment by reducing the amount by the common fund doctrine.  Defendant opposes this motion and seeks court costs for fees and deposition costs.

The common fund doctrine is an equitable principle established as a way of spreading costs for a party who prevails through litigation or

prolonged settlement in establishing a fund that is intended to benefit others as well. Daniels v. Vt. Ctr. for Crime Victims Servs., 173 Vt. 521, 522 (2001) (mem.). It allows the litigating party to subtract a portion of its attorney's fees and costs from the amount to which the other parties are entitled. Id. The purpose of this is clear; parties who benefit from a judgment but have not contributed to the costs of recovery or participated in the litigation should not get the windfall of a full share while the party that litigated bears all of the expense. Guiel v. Allstate Ins., Co., 170 Vt. 464, 469–70 (2000) (emphasizing that the doctrine is only appropriate in certain equitable situations).

In this case, Plaintiff claimed extensive damages. She was reimbursed for some of her medical expenses by her insurer, Defendant, and quickly obtained a settlement from the tortfeasor's insurer. She then sought to recover further from Defendant, which led to the immediate case. At trial, the jury found that Plaintiff's damages did not exceed the tortfeasor's insurance policy and were, in fact, much less than her settlement. Given those findings, the court finds it inequitable to reduce Defendant's recovery through the common fund doctrine. First, Plaintiff was more than adequately compensated for any expense she incurred in obtaining a quick settlement that outstripped her damages. Second, Defendant has now had to expend its own attorney's fees and costs to recover what it was eligible for under its insurance contract. Another reduction would merely punish Defendant.

Next, Plaintiff seeks to deny Defendant's motion for costs. V.R.C.P. 54. Plaintiff bases her motion on the fact that she has also incurred costs. Under Rule 54, the court has discretion to assign or deny costs associated with taking depositions. As these costs are minimal and not particularly onerous in light of its success, Defendant's motion for deposition costs is

denied.  The $50 for court costs is, however, granted.

Based on the foregoing, Plaintiff's motion to amend is Denied. Defendant's motion for costs is Granted in part and Denied in part.

Dated at Burlington, Vermont_____, 2005.


_____
Richard W. Norton, Judge